**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALFRED LARRY JOHNSTON,

      Plaintiff - Appellant,

v.

HUNTER DOUGLAS WINDOW
FASHIONS, INC.; LIBERTY
INSURANCE CORPORATION;
SANDER J. HUGH ORENT, M.D.;
LAWRENCE ALLEN LESNAK, D.O.,

      Defendants - Appellees.

No. 17-1099
(D.C. No. 1:15-CV-00852-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

Alfred Johnston appeals the district court's order dismissing his amended

complaint.[1]  Exercising our jurisdiction under 18 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] His notice of appeal also identifies the district court's order denying reconsideration, but he does not challenge this order in his opening brief, so we do not address it.  *See COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1223 (10th Cir.)

(continued)

## I. BACKGROUND

According to Mr. Johnston's amended complaint,[2] he started working at Hunter Douglas Window Fashions in 1999 and "satisfactorily performed his job" throughout his employment. Aplt. App. at 15. Over time, he noticed "that older workers were not welcomed or maintained" and that Hunter Douglas had "a pattern or practice of terminating older employees." *Id*. He also noticed the company had "a pattern or practice of terminating employees with disabilities." *Id*. at 16.

Mr. Johnston alleges that after he turned 60, Hunter Douglas subjected him "to a hostile work environment" that included "specious performance improvement plans." *Id*. He further alleges that he "suffered a disabling work injury" on December 19, 2011, when another "employee left a large splinter of wood in a marked walkway that caused Mr. Johnston to fall." *Id*. This "injury resulted in physical impairment that did substantially limit [his] major life activities, including work." *Id*. Nevertheless, Mr. Johnston "was qualified to return to work" and wanted to do so. *Id*.

Mr. Johnston alleges that after he "became disabled . . . Hunter Douglas treated him differently than other[] similarly situated employees, and made his work environment even more hostile." *Id*. at 16-17. Additionally, "Hunter Douglas did

(arguments not raised in appellant's opening brief are waived), *cert. denied*, 137 S. Ct. 475 (2016).

[2] Like the district court, we assume Mr. Johnston's well-pleaded factual allegations are correct, but not his legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

little to integrate [him] back into the workplace or accommodate his disability." *Id.* at 19. This "hostile work environment" prompted Mr. Johnston to file "an internal sexual harassment charge," which "became a point for retaliation against [him]." *Id.*

According to Mr. Johnston, Hunter Douglas and its workers' compensation insurance provider, Liberty Insurance Corporation, "actively interfered with [his] medical treatment" by colluding with his doctors, Sander Orent and Lawrence Lesnak. *Id.* As a result of this "improper communication[]," Doctors Orent and Lesnak "offered opinions that were contrary to sound medical judgment." *Id.*

Ultimately, Hunter Douglas fired Mr. Johnston "on June 14, 2013, for not being able to return to work within [its] arbitrary time frame" and replaced him with "someone outside his protected class." *Id.* at 20. Mr. Johnston alleges this misconduct has harmed him in a variety of ways.

The amended complaint raises three federal claims against Hunter Douglas—age discrimination, retaliation, and disability discrimination under the Americans with Disabilities Act (ADA)—and several state claims against all defendants. The defendants moved to dismiss Mr. Johnston's claims under Fed. R. Civ. P. 12(b)(6). The district court found the amended complaint failed to allege facts sufficient to establish plausible claims for age discrimination, retaliation, and disability discrimination, so it dismissed Mr. Johnston's federal claims. With no independent basis for exercising jurisdiction over his state claims, the court dismissed them, too.

3

## II. DISCUSSION

### A. *Legal Background*

We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint must allege enough well-pleaded facts, "accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when there are enough facts "to draw the reasonable inference that the defendant is liable." *Id.*

### B. *Analysis*

Mr. Johnston makes two arguments on appeal: (1) the district court violated his constitutional right to a jury trial, and (2) it held his complaint to a heightened pleading standard, contrary to Fed. R. Civ. P. 8(a)(2) and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).[3] Mr. Johnston admits he did not raise his first argument in the district court, so we will not consider it here. *See United States v. Nelson*, 868 F.3d 885, 891 (10th Cir. 2017) ("We generally don't address arguments presented for the first time on appeal." (internal quotation marks omitted)). And we

---

[3] Mr. Johnston does not argue the district court erred by dismissing his state claims, so he has waived any argument on this issue. *See COPE*, 821 F.3d at 1223.

4

reject Mr. Johnston's second argument because he has not shown the district court held him to a higher standard than the law requires.

The district court pointed out a few general problems with the amended complaint, including the absence of a timeline for many of the relevant events, "naked assertions devoid of further factual enhancement," Aplt. App. at 132 (internal quotation marks omitted) and "vague and facially meaningless allegations," *id*. at 137-38. It also reviewed Mr. Johnston's allegations in detail and considered whether they established plausible claims of age discrimination, retaliation, and disability discrimination. The district court found these claims implausible for several reasons.

Regarding his age discrimination claim, it found Mr. Johnston failed to allege facts sufficient to infer that he was doing satisfactory work or that his job was filled by a younger person, which are necessary elements of a prima facie case. *See Rivera v. City and County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). [4]

Turning to his retaliation claim, the district court found Mr. Johnston's allegation that his "internal sexual harassment charge . . . became a point for retaliation," Aplt. App. at 19, did not give Hunter Douglas fair notice of the grounds for his claim. And it noted that Mr. Johnston alleged no facts suggesting a causal

---

[4] Mr. Johnston alleged that he "satisfactorily performed his job," Aplt. App. at 15, but the district court found this statement conflicted with other allegations in the complaint. Likewise, he alleged he was "replaced by someone outside his protected class," *id*. at 20, but the court found it was unclear which class he was referring to. We agree. Moreover, such "labels and conclusions" are not enough to state a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002).

5

connection between the harassment charge and his later termination. *See Thomas v. Berry Plastics Corp.*, 803 F.3d 510, 514 (10th Cir. 2015) (when a plaintiff relies on circumstantial evidence of retaliation, he must establish a prima facie case by demonstrating that (1) he engaged in a protected activity, (2) suffered an adverse action, and (3) there was a causal connection between the two).

Similarly, the district court found Mr. Johnston's disability discrimination claim lacking because, despite repeatedly referring to his injury as "disabling," he did not state facts suggesting he was disabled within the meaning of the ADA. *See* 42 U.S.C. § 12102(1) (defining "disability" under the ADA as "a physical or mental impairment that substantially limits" a major life activity, "a record of such an impairment," or "being regarded as having such an impairment."). And it found no allegations in the amended complaint suggesting that Mr. Johnston could do his job with or without reasonable accommodation, or even that Hunter Douglas discriminated against him due to disability. *See Johnson v. Weld Cty.*, 594 F.3d 1202, 1217 (10th Cir. 2010) (without direct evidence of discrimination, a plaintiff must establish a prima facie case by showing (1) he is disabled within the meaning of the ADA; (2) he is qualified for the job with our without reasonable accommodation; and (3) his employer discriminated against him because of his disability).

Mr. Johnston does not challenge any of these findings. Instead, he generally argues that the district court held his complaint to a higher standard than the law requires. But the law requires more than conclusory assertions—it requires enough factual allegations for a court to reasonably infer the defendant is liable. *See Iqbal*,

6

556 U.S. at 678. The district court applied the correct standard, and Mr. Johnston does not explain how he met it.

Citing *Swierkiewicz*, 534 U.S. 506, Mr. Johnston also suggests the district court improperly required him to plead facts establishing a prima facie case for each of his federal claims. In *Swierkiewicz*, which predates *Iqbal* and *Twombly*, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Id*. at 515. But here, the district court recognized Mr. Johnston "need not establish a prima facie case of discrimination." Aplt. App. at 129. And it did not err by discussing the elements of Mr. Johnston's claims in its order. Indeed, we have recognized that "the elements of each alleged cause of action help to determine whether [the p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *see also Iqbal*, 556 U.S. at 675 ("[W]e begin by taking note of the elements a plaintiff must plead to state a claim . . . .").

In short, Mr. Johnston has not shown the district court held his complaint to a higher standard than the law requires.

## III. **Conclusion**

We affirm the district court's order dismissing Mr. Johnston's claims.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

7